UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**LORRAINE J. ALAKSON,**

      Plaintiff,

Case No. 21-cv-

vs.

HON. _____

**SUMMIT PSYCHIATRIC SERVICES, P.L.C.**
a professional limited liability company,

      Defendant.

---

**GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.**
By: DAVID A. KOTZIAN (P38308)
    ANGELA M. MANNARINO (P72374)
Attorneys for Plaintiff
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001 / (248) 865-0002 (fax)
dkotzian@gmgmklaw.com
amannarino@gmgmklaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, LORRIANE J. ALAKSON, by her attorneys, GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, P.C., states the following for her Complaint against Defendant:

1

1. This Complaint asserts claims for violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 USC §201, *et seq.*, as amended.

## PARTIES

2. Plaintiff LORRAINE J. ALAKSON (hereinafter referred to as "Plaintiff") is an individual who is domiciled in the City of Livonia, County of Wayne, State of Michigan.

3. Defendant SUMMIT PSYCHIATRIC SERVICES (hereinafter "Defendant") is a Michigan limited liability company authorized to and doing business in the Eastern District of Michigan with its primary place of business in the City of Livonia, County of Wayne, State of Michigan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant because it conducts business on a regular and systematic basis in the Eastern District of Michigan and has its principal place of business in the Eastern District of Michigan.

5. This Court has jurisdiction over Plaintiff's FLSA claim under and pursuant to 28 USC §§1331 and 1343.

6. All the discriminatory and illegal employment practices alleged in this complaint occurred within the Eastern District of Michigan.

7. Venue is proper and convenient in this judicial district

## **GENERAL ALLEGATIONS**

8. Plaintiff commenced employment with Defendant in or around April 2008.

9. At the time of Plaintiff's hire, Defendant employed Plaintiff as a Front Desk Secretary.

10. In or around June 2015, Defendant promoted Plaintiff to be its Office Manager/Financial Manager.

11. Along with the promotion, Defendant converted Plaintiff from an hourly employee to a salaried employee.

12. Even though Defendant considered Plaintiff a salaried employee, it still required Plaintiff to punch a timeclock to record the number of hours she worked each week.

13. In 2018, when Plaintiff requested a salary increase, Defendant agreed to provide Plaintiff with additional compensation if she took on additional responsibilities in the form of handling Defendant's correspondence.

14. Beginning in January 2019, Defendant assigned Plaintiff to complete all pre-authorizations for medications, handle all pharmacy refill requests, and take care of any other requests from the pharmacy as directed by the pharmacy employees.

15. Plaintiff continued performing the job duties related to the pharmacy until the end of her employment.

16. On average, Plaintiff devoted fifteen to twenty-five hours per week to the pharmacy job duties.

17. From June 2019 to September 2019, Defendant tasked Plaintiff with performing the job duties of a medical assistant and handling all responses to requests for medical records.

18. On average, Plaintiff devoted twenty to thirty-five hours per week to the medical assistant and medical records job duties.

19. Due to the additional duties Defendant assigned Plaintiff, Plaintiff's Office Manager/Financial Manager position became secondary and the other tasks (pharmacy, medical records, and medical assistant) became her primary job duties.

20. The pharmacy, medical records, and medical assistant duties consumed at least eight hours of Plaintiff's workday on a daily basis.

21. Because of the increase in job duties from June 2019 to September 2019, Plaintiff regularly worked in excess of 40 hours per week.

22. Despite the additional job duties (pharmacy, medical records, and medical assistant) Defendant assigned Plaintiff, Defendant continued to

compensate Plaintiff as a salary employee and did not increase Plaintiff's compensation or pay her overtime pay.

23. In or around July 2020, Defendant again tasked Plaintiff with performing the job duties of receptionist and medical assistant.

24. The receptionist and medical assistant positions required Plaintiff to be responsible for answering the phones and assist the doctor.

25. The receptionist and medical assistant duties consumed at least eight hours of Plaintiff's workday on a daily basis.

26. The receptionist and medical assistant job duties became Plaintiff's primary job duties, and Plaintiff's Office Manager/Financial Manager position became secondary.

27. Despite Plaintiff assuming additional job duties of a receptionist and medical assistant in or around July 2020, Defendant continued to compensate Plaintiff as a salary employee and did not increase Plaintiff's compensation or pay her overtime pay.

28. Because of the increase in job duties beginning in July 2020, Plaintiff regularly worked in excess of 40 hours per week.

29. Defendant also tasked Plaintiff with responding to medical records requests, which occupied about 5 to 8 hours of her workweek per week.

30. Defendant is a psychiatric practice that treats patients.

31. Upon information and belief, Defendant has an annual gross sales volume in excess of $500,000.

32. From June 2019 to September 2019 and from June 2020 until May 2021, Plaintiff was a non-exempt employee during the time she was performing the receptionist, pharmacy, medical records, and medical assistant job duties.

33. Plaintiff regularly worked in excess of 40 hours per week.

34. In or around May 2021, Plaintiff requested to be compensated for the additional duties she had taken on, and Defendant refused.

35. As a result, on or about May 13, 2021, Plaintiff resigned her employment.

## COUNT I – VIOLATION OF THE FLSA

36. Plaintiff repeats and reincorporates each and every paragraph of this Complaint as though fully set forth herein verbatim.

37. At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and (g).

38. At all relevant times, Plaintiff is/was engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

39. At all relevant times, Defendant is/was qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by

Section 203(s)(1) of the FLSA and had annual gross volume of sales which exceeded $500,000.00.

40. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

41. Plaintiff's primary duties were those of a non-exempt employee.

42. Plaintiff, since at least July 2020, regularly worked more than forty (40) hours in a workweek without receiving proper overtime compensation.

43. Defendant knew Plaintiff worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff overtime wages at the required rates.

44. Defendant is aware of wage and hour laws, and its unlawful conduct has been repeated and consistent.

45. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith.

46. Defendant operated under a scheme that has caused significant damages to Plaintiff.

47. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages,

prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorney fees.

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

  /s/ Angela Mannarino
**ANGELA MANNARINO (P72374)**
Attorneys for Plaintiff
30500 Northwestern Highway
Suite 425
Farmington Hills, MI  48334
(248) 865-0001

DATE:         November 4, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**LORRAINE J. ALAKSON,**

    Plaintiff,

vs.

**SUMMIT PSYCHIATRIC SERVICES,**
a professional limited liability company,

    Defendant.

Case No. 21-cv-

HON. _____



## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through her attorneys, GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C., demands a trial by jury in this cause of action.

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C.**

*/s/ Angela Mannarino*
**ANGELA MANNARINO (P72374)**
Attorneys for Plaintiff
30500 Northwestern Highway
Suite 425
Farmington Hills, MI  48334
(248) 865-0001

DATE:   November 4, 2021